## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
## ELKINS

**RONALD LEE LUDWICK, JR.,**

       Plaintiff,

v.

                                    **CIVIL ACTION NO. 2:15-CV-61**
                                      **(BAILEY)**

**JIM RUBENSTEIN, Commissioner**
**of Corrections, et al.,**

       Defendants.

## ORDER ADOPTING REPORT AND RECOMMENDATION

I.    Introduction

On this day, the above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge Robert W. Trumble [Doc. 87]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Trumble for submission of a proposed report and a recommendation ("R&R"). Magistrate Judge Trumble filed his R&R on July 14, 2017, wherein he recommends this Court dismiss the plaintiff's Amended Complaint as to all defendants, with the exception of Counts I and V against defendant Close and Count V against defendant Shifflett.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or

1

recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Trumble's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b). After being granted a brief extension, plaintiff timely filed his Objections [Doc. 91] on August 3, 2017. Accordingly, this Court will review the portions of the R&R to which the plaintiff objects under a *de novo* standard of review. The remainder of the R&R will be reviewed for clear error.

## II.    Factual and Procedural History

Plaintiff's Amended Complaint [Doc. 18] asserts five counts: Count I - Excessive force; Count II - Supervisory Liability; Count III - denial of medications; Count IV - violations of both the Religious Land Use and Institutionalized Persons Act ("RLUIPA") and the First and Fourteenth Amendments for destruction and denial of access to his religious materials; and Count V - Retaliation. The plaintiff alleges defendant Close used pepper spray on him on May 30, 2015, which constituted excessive use of force. He further claims defendants seized, destroyed, and deprived him of his religious materials; denied him medications; and harassed and retaliated against him for filing grievances regarding the same.

Defendants Rubenstein, Plumley, Murphy, and Smith move to dismiss or, in the alternative, for summary judgment [Doc. 52] because plaintiff has failed to assert any personal involvement on their part except for the handling of the grievances.

2

Defendants Latham, Feaster, Gsell, Phillips, Davis, and Caughin/Hawthon move for summary judgment [Doc. 66] because the plaintiff has failed to allege any facts implicating them in the alleged violations of his constitutional rights, and plaintiff has failed to show injury or harm caused by them.

Defendants Kesling, Close, and Shifflett have not filed any motions.

III.   Discussion

The magistrate judge first notes that the plaintiff's claims against the defendants in their official capacities are improper.  A defendant in a Section 1983 action must be a "person" acting under color of state law.  However, "neither a State nor its officials acting their official capacities are "persons" under [Section] 1983." ***Will v. Michigan Dep't of State Police***, 491 U.S. 58, 71 (1989).  Accordingly, plaintiff's claims against the defendants in their official capacities must be dismissed.

Having found the official capacity claims to be improper, the R&R proceeds to analyze the plaintiff's claims against the defendants in their individual capacities.

First, the R&R recommends dismissal of defendants Rubenstein, Plumley, Murphy, Smith, and Kesling because "vicarious liability is inapplicable to ***Bivens*** and Section 1983 sutis . . .." ***Ashcroft v. Iqbal***, 556 U.S. 662, 676 (2009).  Rather, the "plaintiff must plead that each Government official defendant, through the official's own individual actions, has violated the Constitution." ***Id***.  Nonetheless, when a supervisor is not personally involved in the alleged wrongdoing, he may be liable under Section 1983 if a subordinate acts pursuant to an official policy or custom for which he is responsible.  *See **Fisher v.***

3

*Washington Metro. Area Transit Authority*, 690 F.2d 1133 (4th Cir. 1982).

In analyzing the above, the R&R finds that plaintiff's claims against defendants Rubenstein, Plumley, Murphy, Smith, and Kesling are improper as the plaintiff fails to assert personal involvement on their part. Rather, the plaintiff attempts to establish supervisory liability by alleging deliberate indifference; failing to investigate grievances and alleged misconduct; and failing to properly train, supervise, and discipline the Huttonsville guards. Plaintiff fails, however, to meet the prerequisites for establishing supervisory liability. As the R&R points out, the Amended Complaint contains no specific allegations against these defendants other than their handling of plaintiff's discipline and grievances by Smith and Kesling and the adjudication of plaintiff's appeals of those grievances by defendants Murphy, Plumley, and Rubenstein.

While plaintiff has shown these defendants had actual or constructive knowledge of the alleged violations that occurred by virtue of reviewing the grievances, he has not shown that the violations were constitutional in nature or that the supervisors' response was so inadequate as to show deliberate indifference. Accordingly, these claims must be dismissed.

Next, the R&R again notes that liability under Section 1983 must be "personal, based upon each defendant's own constitutional violations." *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001). Accordingly, in order to establish 1983 liability, a plaintiff must specify the acts taken by each defendant which violate his constitutional rights. Here, the R&R correctly notes that the plaintiff has failed to allege sufficient facts indicating personal involvement by defendants Latham, Feaster, Gsell, Phillips, Davis and Caughin/Hawthon.

4

The Amended Complaint contains no specific factual assertions, but rather conclusory statements. A complaint must include more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . .." *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007). Plaintiff has failed to meet this standard. Accordingly, his claims against these defendants must fail.

In determining whether the defendants violated plaintiff's Eighth Amendment rights, one must keep in mind that "[n]ot every 'injury suffered by one prisoner at the hands of another . . . translates into constitutional liability for prison officials responsible for the victim's safety.' *Farmer*, 511 U.S. at 834. Instead, the Supreme Court has outlined two requirements for an Eighth Amendment failure to protect claim. First, 'a prison official's act or omission must result in the denial of "the minimal civilized measure of life's necessities."' *Id.* (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). In other words, the denial of the prisoner's constitutional rights must be 'sufficiently serious.' *Id.* Second, the prison official must have a 'sufficiently culpable state of mind,' *id.,* which means the official either purposefully caused the harm or acted with 'deliberate indifference,' *Wilson v. Seiter,* 501 U.S. 294, 302–03 (1991)." *Strickland v. Halsey*, 2015 WL 4928270, at *4 (4th Cir. Aug. 19, 2015).

"In the Eighth Amendment context, deliberate indifference 'lies somewhere between negligence and purpose or knowledge: namely, recklessness of the subjective type used in criminal law.' *Brice v. Va. Beach Corr. Ctr.,* 58 F.3d 101, 105 (4th Cir. 1995). For a prison official to be liable, 'the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the

5

inference.' *Farmer*, 511 U.S. at 837.  The test is subjective, not objective.  *Brice*, 58 F.3d at 105.  A prison official is not liable if he or she 'knew the underlying facts but believed (albeit unsoundly) that the risk to which the facts gave rise was insubstantial or nonexistent.' *Farmer*, 511 U.S. at 844; *see also* ***Rich v. Bruce***, 129 F.3d 336, 338 (4th Cir. 1997) (finding that a prison official was not liable, because he did not actually draw the inference that the inmate was exposed to a substantial risk of serious harm)." *Id*.

Reviewing the facts presented by the plaintiff, this Court can find no Eighth Amendment violation.

IV.   Objections

Plaintiff has filed several objections to the R&R, which this Court will address in turn.  First, the plaintiff argues he was not given the opportunity to conduct sufficient discovery, and if he were afforded this opportunity, he could prove his claims.  The plaintiff need not prove his claims, however.  He only need sufficiently allege his claims in his Amended Complaint, which he has simply failed to do.  Accordingly, this Objection is **OVERRULED**.

Next, plaintiff asserts that medical records he requested would prove that the medications allegedly taken from him were prescribed by a doctor and were needed to alleviate pain.  As noted in the R&R, these medications included Tums, creams, and lotions.  Plaintiff alleges he was deprived of these medications for up to 72 hours.  In addition, the medications were prescribed on an as-needed basis.  As noted in the R&R, to succeed on an Eighth Amendment cruel and unusual punishment claim, a prisoner must prove: (1) that objectively the deprivation of a basic human need was "sufficiently grave," and (2) that subjectively the prison official acted with a "sufficiently culpable state of mind."

6

*Wilson v. Seiter*, 501 U.S. 294, 298 (1991). As noted in the R&R, the Amended Complaint does not identify either the medical condition at issue or plaintiff's serious medical need. Nor does he allege that any medical needs "which have been diagnosed as mandating treatment, conditions which obviously require medical attention, conditions which significantly affect an individual's daily life, or conditions which cause pain, discomfort or a threat to good health" exist. *Brock v. Wright*, 315 F.3d 158, 162 (2d Cir. 2003). He certainly has not shown how the denial of these medications for up to 72 hours was a deprivation of a basic human need that was "sufficiently grave." This Objection is **OVERRULED**.

Plaintiff next states "[l]etter written to the D.O.C. headquarters by myself when it was brought to my attention by the staff here at the HCC that the unit team of the E1 unit were talking about assaulting me giving the court the understanding that the supervisors not only knew of this situation ahead of time but were in fact a part of the ongoing assault of myself." [Doc. 91 at 2]. This self-serving statement about a letter allegedly sent to DOC headquarters and which is not part of the record does nothing to further plaintiff's cause. The Objection is **OVERRULED**.

Plaintiff's next series of objections again ask for discovery. For instance, he requests "all grievances written on unit E1 staff regarding all use of force and assaults." Additionally, he requests his personnel file to use as "a character reference" which he claims "should suffice in showing [he is] not a threat and it would have been a sadistic act to use force on [him]." [Doc. 91 at 3]. It appears the plaintiff is engaging in a fishing expedition. To the extent these are Objections, the same are **OVERRULED**.

7

Next, plaintiff complains that if the Court would have given him the requested discovery, he would have proven "a pattern of neglect given by supervisory staff within the [DOC] . . .." [Doc. 91 at 3].  Plaintiff insists two letters he wrote and numerous grievances written over the years would show that staff uses force on the inmates.  These self-serving, conclusory objections are **OVERRULED**.

Plaintiff next asserts that he could bolster his cruel and unusual punishment claim if he had been allowed to show that the medications were given to him by a doctor because he needed them more frequently than is allowed by directions on the packaging.  The ailment, however, as described by the plaintiff is "a knot in my stomach."  Id. at 4.  As stated above, plaintiff certainly has not shown how the denial of these medications for up to 72 hours was a deprivation of a basic human need that was "sufficiently grave."  This Objection is **OVERRULED**.

Next, plaintiff argues that the DOC policies regarding his religious items were not correctly applied to him.  He claims that "defendants used policy 312.00 to punish [him] outside normal standards and scopes . . .."  He asserts the policy is supposed to be "used to restore control [] to punish inmates if an inmate is suicidal or kicking the plumbing from the walls . . . not because an inmate uses a curse word . . .."  Id.  When denying plaintiff's grievance regarding his religious materials, defendant Smith cited to the policy, which restricts items that can be possessed by an inmate placed on strip cell status to "one set of clothing, one pair of shower shoes, mattress, pillow sheet, pillow case and blanket." [Doc. 18 at 6].  At that time, defendant Smith explained that the materials were removed due to plaintiff's own misconduct.  Plaintiff neglects to mention that when defendants Gsell

8

and Phillips came to plaintiff's cell to conduct a search, he refused to comply, and after having to use pepper spray, found a piece of a razor blade. Since the materials were lawfully taken from the plaintiff, there was no Constitutional violation. This Objection is **OVERRULED**.

### Conclusion

Therefore, upon careful review of the above, it is the opinion of this Court that the **Report and Recommendation [Doc. 87]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. The plaintiff's Objections **[Doc. 91]** are **OVERRULED**. The Defendants' Motions to Dismiss or in the Alternative, Motion for Summary Judgment **[Docs. 52 & 66]** are **GRANTED**. Accordingly, this Court **ORDERS** that the plaintiff's Amended Complaint **[Doc. 18]** be **DENIED** and **DISMISSED WITH PREJUDICE** as to all defendants, with the exception of Counts I and V against defendant Close and Count V against defendant Shifflett. In addition, the pending Letter/Motion for Temporary Injunction **[Doc. 86]** and Motion for Reconsideration of Temporary Restraining Order and Motion to Appoint Counsel **[Doc. 92]** are both **DENIED**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* plaintiff.

**DATED:** August 16, 2017.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE

9